JS 44 (Rev 02/19)

**CIVIL COVER SHEET**

19-CV-5695

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

Attolon Partners, LLC
1 Penn Center, 1617 JFK Blvd , Philadelphia, PA 19103

**DEFENDANTS**

19  5695

Toya Lawson, 818 Pardee Lane, Wyncote, PA 19095
Bridge Partners, LLC, 1501 Broadway NY, NY 10036

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U S PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name Address and Telephone Number)*
Lisa A. Lori, Esquire
1835 Market Street, Ste 1400
Philadelphia, PA  19103

Attorneys *(If Known)*
William Kennedy, Esquire
Montgomery McCracken Walker & Rhoads, LLPdd
1735 Market Street, Philadelphia, PA  19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ⊠ 3  Federal Question *(U S Government Not a Party)*
- ❏ 2  U S Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ⊠ 1 | ❏ 1 | Incorporated or Principal Place of Business in This State | ⊠ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ⊠ 2 | Incorporated *and* Principal Place of Business in Another State | ❏ 5 | ⊠ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ⊠ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U S Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS - Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ⊠ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
18 U S C  Section 1836, et seq

Brief description of cause
misappropriation of trade secrets, breach of restrictive covenants by former employee of Plaintiff

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ❏ Yes  ⊠ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DEC  3 2019

DATE  12-3-19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**19    5695**

Address of Plaintiff: _____ 1 Penn Center, 1617 JFK Blvd., Philadelphia, PA  19103

Address of Defendant: _____ 818 Pardee Lane, Wyncote, PA/1501 Broadway, Ste. 2605, NY, NY 10036

Place of Accident, Incident or Transaction: _____ Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 12-3-19                     Must sign here                     83814
                              *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases***

- ☐ 1 Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2 FELA
- ☐ 3 Jones Act-Personal Injury
- ☐ 4 Antitrust
- ☐ 5 Patent
- ☐ 6 Labor-Management Relations
- ☐ 7 Civil Rights
- ☐ 8 Habeas Corpus
- ☐ 9 Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☑ 11 All other Federal Question Cases
  *(Please specify)*      18 USC Sec 1836, et seq

**B.   *Diversity Jurisdiction Cases.***

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* _____
- ☐ 7 Products Liability
- ☐ 8 Products Liability – Asbestos
- ☐ 9 All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, LISA Loni _____, counsel of record *or pro se plaintiff*, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought

DEC - 3 2019

DATE 12-3-19                     Sign here if applicable                     83814
                              *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Attolon Partners, LLC
1 Penn Ctr, 1617 JFK Blvd.
Phila Pa, 19103          :          CIVIL ACTION

v.

Toya Lawson & Bridge Partners,   :
                          LLC                                NO. 19   5695

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( ✓ )

| 12/3/19 | Lisa A. Lori | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 569 2992 | 215 568 6603 | llori@klehr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 3 2019



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ATTOLON PARTNERS, LLC          :
1 Penn Center                  :   CIVIL ACTION NO.
1617 John F. Kennedy Blvd.     :                   **19    5695**
Philadelphia, PA 19103         :
                               :
          Plaintiff,           :
                               :
      v.                       :
                               :
TOYA LAWSON                    :        **FILED**
818 Pardee Lane                :
Wyncote, PA 19095              :       DEC 03 2019
                               :
And                            :   KATE BARKMAN, Clerk
                               :   By_____ Dep. Clerk
BRIDGE PARTNERS, LLC           :
1501 Broadway                  :
Suite 2605                     :
New York, NY 10036             :
                               :
          Defendants.          :

## COMPLAINT

Plaintiff Attolon Partners, LLC ("Attolon"), brings this action against Defendants Toya Lawson ("Lawson") and Bridge Partners, LLC ("Bridge Partners") for breach of her employment agreement, tortious interference with her employment agreement and misappropriation of trade secrets and in support thereof, avers as follows:

### Nature of the Action

1.     This is an action for misappropriation of trade secrets, pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, for breaches of a non-competition, non-solicitation and confidentiality covenants by a former employee of Attolon, Lawson, and for tortious

Partners.

## PARTIES

2.      Attolon is a limited liability company organized under the laws of Pennsylvania with its principal place of business at 1 South Broad Street, Philadelphia, PA 19107.

3.      Lawson is a Pennsylvania resident, residing at 818 Pardee Lane Wyncote, PA 19095.

4.      Upon information and belief, Bridge Partners is a New York limited liability company with a principal place of business 1501 Broadway Suite 2605 New York, NY 10036.

## JURISDICTION AND VENUE

5.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.  The Court possesses subject matter over the non-federal claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), because: (a) Lawson is a resident in this judicial district within the meaning of section 1391(c); and (b) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

7.      Attolon is a retained search firm, focusing on placing senior-level executives.

8.      Lawson worked as a recruiter for Attolon from approximately April 22, 2014 until September 27, 2019, when she voluntarily resigned.

9.      Bridge Partners offers the same services as Attolon and is a competitor of Attolon.

10.     Specifically, Bridge Partners is a retained search firm, specializing in placing

senior level executives.

11.     In or about April, 2014, Lawson accepted employment with Attolon, to serve as Executive Recruiter.

12.     To that end, Lawson entered into an employment agreement with Attolon, dated April 3, 2014 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

13.     The Agreement contains certain restrictive covenants to which Lawson agreed to comply with.

14.     The Agreement contains a covenant of Lawson to maintain the confidentiality of information she gathered at Attolon:

> 9.     Confidential Information. You agree that you shall at no time, either during or after the term of your employment with the Company, utilize or disclose to any third party any of the "confidential information" of the Company, as defined below, other than as necessary in the course of the Company's business and in the scope of your employment, or except upon the express written consent of the Company. You agree that the term "confidential information" constitutes trade secrets of the Company, not readily ascertainable from any other sources, and includes without limitation all technical and non-technical information, agreements, contracts, software programs, software source documents, financial information, marketing plans and information, methods of doing business, pricing policies, gross profit and net profit margins, and customer lists of the Company. Trade secrets and confidential information shall mean all information disclosed to you or known by you as a consequence of your employment by the Company, whether or not pursuant to this Agreement.

Ex. A at § 9 ("Confidentiality Covenant").

15.     The Agreement further contains a non-competition covenant as follows:

> 7.   <u>Non-Compete.</u>  You agree that during the term of your employment by the Company and for the twelve (12) month period following the termination of such employment, for any reason, you will not, whether directly or indirectly, in any way for your own account, or for the account of any other person, firm, corporation, enterprise or otherwise: (i) engage in any business operating within the same geographic territory in which the Employee is providing services to the Company, which is involved in business activities that are the same as, similar to or in competition with business activities carried on by, or being definitely planned by the Company at the time of the termination of Employee's employment; or (ii) solicit customers who are or hereafter become customers of the Company anywhere within the same geographic territory, with a view toward inducing any such customers to purchase products, obtain services and/or engage in any business activity, of the same or similar nature to the Company.

Ex. A at § 7 ("Non-Compete Covenant").

16.   The Agreement further contains a non-solicitation provision as follows:

> 6.   <u>No Solicitation.</u>  You agree that during the term of your employment by the Company and for the twelve (12) month period following the termination of such employment, for any reason, you will not, whether directly or indirectly, in any way for you own account or for the account of any other person, venture, firm, business, corporation or enterprise, directly or indirectly solicit, offer employment to, employ or engage in any capacity any employee, contractor or agent of the Company.

Ex. A at § 6 ("Non-Solicitation Covenant").

17.   The above restrictive covenants are reasonably limited in time and scope and necessary to protect the legitimate business interests of Attolon.

18.   Attolon would not have entered into the Agreement but for the Non-Competition Covenant and Non-Solicitation Covenant.

19.   During her employment with Attolon, Lawson was assigned to work with certain longstanding clients of Attolon—clients who were engaged by the firm through the efforts of Attolon's founders.

20.   One such client is Public Health Management Corporation ("PHMC").

21.   During her employment with Attolon, Lawson had direct contact with PHMC, and other Attolon clients, and was aware of an imminent search that Attolon would be conducting for a chief financial officer ("CFO") for PHMC.

22.     On or about September 27, 2019, Lawson resigned from Attolon to commence employment as a partner with Bridge Partners.

23.     Lawson works out of Bridge Partner's office in Philadelphia, Pennsylvania.

24.     At Bridge Partners, Lawson competes with Attolon.

25.     For example, shortly after commencing employment with Bridge Partners, Attolon learned that Lawson, on behalf of Bridge Partners, engaged with PHMC to conduct the retained search for the CFO position.

26.     Indeed, PHMC had notified Attolon that it was retaining Attolon to conduct the search for its CFO.

27.     Attolon recently further learned that Lawson, after commencing employment with Bridge Partners, has been engaging with certain referral sources of Attolon, and has been contacting candidates that she placed while at Attolon.

28.     Upon information and belief, Lawson, after commencing employment with Bridge Partners, has been communicating and/or attempting to meet with certain employees of Attolon in an effort to induce them to terminate employment with Attolon and to obtain employment with Bridge Partners.

29.     Lawson's above-mentioned conduct is in direct violation of the Non-Compete Covenant and Non-Solicitation Covenant.

30.     In addition, upon information and belief, at Bridge Partners, Lawson is using Attolon's Confidential Information (as defined by the Agreement).

31.     Lawson's and Bridge Partner's use of Attolon's Confidential Information is in direct violation of the Agreement as well as the law.

32.     Lawson's breaches of the Agreement have harmed Attolon, and will continue to

do so.

33.     Attolon has fully complied with all of its obligations under the Agreement, and no conditions precedent to its right to bring this suit remain unfulfilled.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS
## PURSUANT TO THE DEFEND TRADE SECRETS ACT

34.     Attolon incorporates herein by reference the foregoing allegations.

35.     This claim is brought pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* (the "DTSA").

36.     Attolon's Confidential Information, as defined in the Agreement, comprises its trade secrets.  Ex. A at § 9.

37.     Attolon compiled and/or created the Confidential Information, and has an exclusive right to use it in its business.

38.     Attolon expended great time and expense compiling and/or creating the Confidential Information.

39.     The Confidential Information is of great value to Attolon, and is important to its business.

40.     Others outside of Attolon do not know the Confidential Information, and cannot discover it by any legitimate means.

41.     The Confidential Information is of great value to Attolon's competitors, such as Bridge Partners.

42.     The Confidential Information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, others such as Bridge Partners who can obtain economic value from its use.

43.     Attolon undertakes reasonable efforts to maintain the secrecy of its Confidential Information.

44.     Attolon shared its Confidential Information with Lawson while she was employed by Attolon in a position of trust and confidence.

45.     Upon information and belief, Lawson has shared the Confidential Information with Bridge Partners, and is using the Confidential Information at Bridge Partners for Bridge Partner's benefit.

46.     As one example, upon information and belief, Lawson has used, in interstate commerce, at Bridge Partners the customer, referral and candidate lists that are part of Attolon's Confidential Information, and which Attolon painstakingly compiled over the course of many years.

47.     Customer lists are protected trade secrets under the DTSA.

48.     The discovery process may reveal other Confidential Information that Lawson and Bridge Partners misappropriated from Attolon.

49.     Lawson's and Bridge Partner's use of the Confidential Information is prejudicial to Attolon.

50.     It is inequitable for Lawson and Bridge Partners to use the Confidential Information.

51.     Lawson's and Bridge Partners' misappropriation was intentional, willful, and malicious.

52.     Attolon is therefore entitled to attorneys' fees under the DTSA.

53.     As a direct and proximate result of Lawson's misappropriation of Attolon's trade secrets, Attolon has been harmed, and will continue to be harmed.

WHEREFORE, Plaintiff Attolon Partners, LLC respectfully requests judgment in its favor and against Defendant Lawson, for all damages permissible under the Trade Secrets Act, for an injunction prohibiting further breaches of the Agreement, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

54.     Attolon incorporates herein by reference the foregoing allegations.

55.     As set forth above, the parties entered into a valid Agreement, and Lawson has breached that Agreement.

56.     As a direct and proximate result of Lawson's breaches of the Agreement, Attolon has been harmed, and will continue to be harmed.

57.     Attolon is entitled to money damages for Lawson's past breaches, and to an injunction to prevent further breaches.

WHEREFORE, Plaintiff Attolon Partners, LLC respectfully requests judgment in its favor and against Defendant Lawson, for compensatory and other damages, for an injunction prohibiting further breaches of the Agreement, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT

58.     Attolon incorporates herein by reference the foregoing allegations.

59.     Attolon and Lawson are parties to the Agreement, which includes the Non-Competition, Confidentiality and Non-Solicitation Covenants.

60.     Upon information and belief, and at all relevant times, Bridge Partners had knowledge of the Agreement and restrictive covenants contained therein.

61.     Bridge Partners tortiously interfered with the Agreement by inducing, assisting and/or encouraging Lawson to breach the restrictive covenants, including the Non-Competition, the Non-Solicitation, and the Confidentiality Covenants, contained in the Agreement.

62.     Bridge Partners' wrongful, improper and malicious interference with the Agreement has caused, and will continue to cause, substantial and irreparable harm to Attolon.

63.     Bridge Partners' tortious interference with the Agreement was, is and—if not enjoined—will be improper, unjustified, willful, in violation of Pennsylvania common law and the ordinary norms of competitive conduct.

64.     Bridge Partners' conduct was neither justified nor privileged.

65.     As a direct and foreseeable result of the breaches and other wrongful conduct of Bridge Partners, Attolon has sustained damages.

66.     Bridge Partners' actions were willful, intentional, malicious and/or reckless and in complete disregard of the rights of Attolon, and deserving of the imposition of punitive damages.

WHEREFORE, Plaintiff Attolon Partners, LLC respectfully requests judgment in its favor and against Defendant Bridge Partners, for compensatory, punitive, and other damages, for an injunction prohibiting further interference with the Agreement, costs of suit, and such other and further relief as the Court deems just and proper.

KLEHR HARRISON HARVEY
BRANZBURG LLP

Dated: December **3**, 2019          By: /s/ Lisa A. Lori
                                         Lisa A. Lori, Esq.
                                         1835 Market Street, 14th Floor
                                         Philadelphia, PA 19103
                                         (215) 569-2992

                                         *Attorneys for Plaintiff*

EXHIBIT A



April 3, 2014

Toya Lawson
818 Pardee Lane
Wyncote, PA 19095

Dear Toya:

It is my pleasure to offer you employment with Attolon Partners, LLC, a Pennsylvania limited liability company (the "Company"). The details of this offer are as follows:

1.    Position. You are offered the position of Executive Recruiter. As an employee of Attolon Partners, you are expected to perform your duties and responsibilities in an ethical, professional, and diligent manner and to the best of your ability. You are also expected to comply with all applicable laws and Attolon's rules and policies, which may be amended from time to time. You will serve as a part-time employee of the Company, principally focused on recruiting and screening candidates for ongoing searches.

2.    Schedule. You will be scheduled to work in the office 3 days (24 hours) per week. You will coordinate changes to your schedule in advance with the Director of Operations. Your start date will be on or before April 22, 2014.

3.    Compensation. You will be compensated at an annual rate of $60,000 (equivalent to a $100,000 full-time salary). This will be paid in bi-weekly installments in accordance with the Company's applicable payroll practices and will be subject to applicable taxes and withholdings. You will be eligible for participation in the company's performance incentive program, including a discretionary cash bonus based on company and individual performance, to be paid at the end of the calendar year and subject to applicable taxes and withholdings. In addition you will be eligible for a Business Development Bonus of 5% of all business closed with any new client throughout the year.

4.    Benefits. You will be entitled to employee benefits provided to part-time workers, such as 401K and long-term disability. In order to be eligible for participation in the company's health and dental insurance benefits, you must work a minimum of 25 hours per week. Your eligibility and participation in these plans and programs shall be subject to the terms and conditions of the plans themselves and Attolon's policies, which may change from time to time.

5.    At-Will Employment. Your employment with the Company will continue to be "at will," meaning that either you or the Company can terminate your employment at any time and for any reason, with or without cause, and with or without notice. Any contrary representations which may have been made to you are superseded by this offer. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and Ryan Lafferty, Founding Partner.



6.   No Solicitation.   You agree that during the term of your employment by the Company and for the twelve (12) month period following the termination of such employment, for any reason, you will not, whether directly or indirectly, in any way for you own account or for the account of any other person, venture, firm, business, corporation or enterprise, directly or indirectly solicit, offer employment to, employ or engage in any capacity any employee, contractor or agent of the Company.

7.   Non-Compete.   You agree that during the term of your employment by the Company and for the twelve (12) month period following the termination of such employment, for any reason, you will not, whether directly or indirectly, in any way for your own account, or for the account of any other person, firm, corporation, enterprise or otherwise: (i) engage in any business operating within the same geographic territory in which the Employee is providing services to the Company, which is involved in business activities that are the same as, similar to or in competition with business activities carried on by, or being definitely planned by the Company at the time of the termination of Employee's employment; or (ii) solicit customers who are or hereafter become customers of the Company anywhere within the same geographic territory, with a view toward inducing any such customers to purchase products, obtain services and/or engage in any business activity, of the same or similar nature to the Company.

8.   Intellectual Property.   You agree that any written materials or other works of authorship prepared by you during the term of your employment (each, a "Work of Authorship"), shall be a "work made for hire" and Company shall be the sole author of such Work of Authorship and the owner of all of the rights comprised in the copyright of such Work of Authorship.

9.   Confidential Information.   You agree that you shall at no time, either during or after the term of your employment with the Company, utilize or disclose to any third party any of the "confidential information" of the Company, as defined below, other than as necessary in the course of the Company's business and in the scope of your employment, or except upon the express written consent of the Company.   You agree that the term "confidential information" constitutes trade secrets of the Company, not readily ascertainable from any other sources, and includes without limitation all technical and non-technical information, agreements, contracts, software programs, software source documents, financial information, marketing plans and information, methods of doing business, pricing policies, gross profit and net profit margins, and customer lists of the Company.   Trade secrets and confidential information shall mean all information disclosed to you or known by you as a consequence of your employment by the Company, whether or not pursuant to this Agreement.



Upon review and acceptance, please sign and return this letter to me.

We look forward to you joining us to build and deliver an exciting retained search service.

Very truly yours,

Attolon Partners, LLC

By: _____

Ryan G. Lafferty
Partner

I have read this letter and accept the
terms of the offer:

Toya Lawson

Dated: __4/3_____, 2014